STATE OF MAINE                                     SUPERIOR COURT
CUMBERLAND, ss                                     Civil Action
                                                   Docket No. CV-06-159


COAST TO COAST ENGINEERING
SERVICES, INC.,

            Plaintiff

        v.                                         DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

OCT 27 2006

EVANS ENGINEERS, LLC and
JOHN M. EVANS,

            Defendants

## I. BEFORE THE COURT

Defendant's motion to dismiss for lack of personal jurisdiction.

## II. PROCEDURAL HISTORY AND BACKGROUND

The plaintiff's complaint asserts that this case arose in a dispute between parties to a franchise agreement that was signed in Portland, Maine on June 14, 1990. The defendant traveled to Maine on two occasions to execute the agreement, for training and to attend a franchise conference. The plaintiff asserts that the defendant breached a non-compete provision of the agreement by continuing to provide services in the same area after termination of the agreement.

The plaintiff filed suit in this court accompanied by a motion for a preliminary injunction. With the court's permission, the defendant filed a late response to the complaint in the form of a Motion to Dismiss for lack of personal jurisdiction.

## III. DISCUSSION

Under Maine's long arm statute, 14 M.R.S.A. 704-A (2005), and due process requirements, this state may exercise jurisdiction over a nonresident defendant when the court finds: "(1) Maine has a legitimate interest in the subject matter of the litigation;

(2) the defendant, by his or her own conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 14, 861 A.2d 662, 666 (citations omitted).

After the plaintiff proves the first two prongs, the burden shifts to the defendant to prove that by exercising personal jurisdiction, the court is violating traditional notions of fair play and substantial justice. *Id.* "The record is construed in the manner most favorable to the plaintiff." *Bickford v. Onslow Mem'l Hosp. Fund*, 2004 ME 111, ¶ 10, 855 A.2d 1150, 1155.

The state has "an interest in regulating and/or sanctioning parties who reach out beyond one state and create continuing relationships and obligations with Maine citizens' for the consequences of their activities." *Elec. Media Int'l v. Pioneer Communications*, 586 A.2d 1256, 1259 (Me. 1991)(citations omitted). "To reasonably anticipate litigation in a particular jurisdiction, one must purposefully avail oneself of the privilege of conducting activities within the jurisdiction and benefit from the protection of its laws." *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 16, 861 A.2d 662, 667 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, (1985). "Due process demands that the defendant have sufficient contact with Maine to 'make it reasonable ... to require the [defendant] to defend the particular suit which is brought [here].' " (citing *Interstate Food Processing Corp.* v. *Pellerito Foods, Inc.*, 622 A.2d 1189, 1192 (Me. 1993) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). A defendant may waive personal jurisdiction by consenting to the jurisdiction of the court. *Burger King Corp. v. Rudzewicz*, 471 U.S. at 473 (1985). (such as a stipulation in advance to submit controversies to a particular jurisdiction).

Here, the defendant entered into a contract while he was in Maine on June 14,

1990. The contract specifically states that the agreement "shall be interpreted and governed by the laws and construed under the laws" of the State of Maine.[1] Pl.'s Opp'n Mem. to Def.'s Mot. to Dismiss for Lack of Personal Jurisdiction Ex. A at 20.

Considering that this case concerns an action alleging breach of the contract executed here, Maine is the appropriate jurisdiction in which to bring this suit. By signing the agreement the defendant consented to be bound by the laws of Maine regarding litigation arising from this contract.

Furthermore, Maine has an interest in this case because the plaintiff is a Maine corporation and the defendant sought out and continued a fifteen-year relationship with the plaintiff. Compl. at ¶ 8 & 13. The defendant came to Maine to enter the relationship, which entailed ongoing obligations resulting from a contract the two parties executed in Maine in 1990. *Id.* Therefore, Maine has a high interest in regulating the parties regarding that relationship.

The defendant reasonably could have anticipated litigation in Maine due to his conducting business with a Maine corporation, executing a contract in Maine, and agreeing in a contract to be bound by Maine law and continuing the relationship for well over a decdade. *Id.* at ¶ 2, 6 & 8. Given the ongoing relationship that defendant solicited and maintained with a Maine company, the defendant could have reasonably anticipated that any litigation arising from the relationship would occur in Maine.

The defendant has failed to provide a reason, other than inconvenience to him and his company, why Maine courts exercising jurisdiction in this case violates

---

[1] Paragraph 19 of the agreement states:
> *This Agreement was accepted in the State of Maine and shall be interpreted and governed by the laws and construed under the laws thereof* except to the extend governed by the United States Trademark act of 1946, as amended, and unless inconsistent with any specific state law applicable to franchisee concerning termination, non-renewal or other material aspects of the relationship, in which such state law shall control. (emphasis added)

traditional notions of fair play and substantial justice.

As a result of this relationship, the defendant has had sufficient contact with the plaintiff in Maine to make it reasonable for this court to retain jurisdiction.

## IV. DECISION AND ORDER

The clerk will make the following entries as the Decision and Order of the court:

Defendants' Motion to Dismiss on grounds of lack of personal jurisdiction is denied.

SO ORDERED.

Dated: October 13, 2006

Thomas E. Delahanty II
Justice, Superior Court

4

COAST TO COAST ENGINEERING SERVICES INC - PLAINTIFF

Attorney for: COAST TO COAST ENGINEERING SERVICES INC
TIMOTHY BRYANT   - RETAINED 03/13/2006
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

Attorney for: COAST TO COAST ENGINEERING SERVICES INC
JAMES C BUSH   - RETAINED 03/13/2006
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

vs
EVANS ENGINEERS LLC - DEFENDANT
,
Attorney for: EVANS ENGINEERS LLC
CHRISTOPHER B BRANSON   - RETAINED 04/27/2006
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND ME 04104-5085

Attorney for: EVANS ENGINEERS LLC
KELLY MCDONALD   - RETAINED 04/27/2006
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND ME 04104-5085

JOHN M EVANS   - DEFENDANT
,
Attorney for: JOHN M EVANS
CHRISTOPHER B BRANSON   - RETAINED 04/27/2006
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND ME 04104-5085

Attorney for: JOHN M EVANS
KELLY MCDONALD   - RETAINED 04/27/2006
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND ME 04104-5085

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2006-00159

DOCKET RECORD

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 03/13/2006

## Docket Events:
03/13/2006 FILING DOCUMENT - COMPLAINT FILED ON 03/13/2006

SUMMARY SHEET. AD                    ·                    4-10-06 EXHIBIT
A (GM)

03/14/2006 Party(s):  COAST TO COAST ENGINEERING SERVICES INC
           ATTORNEY - RETAINED ENTERED ON 03/13/2006
           Plaintiff's Attorney: TIMOTHY BRYANT

03/14/2006 Party(s):  COAST TO COAST ENGINEERING SERVICES INC
           ATTORNEY - RETAINED ENTERED ON 03/13/2006
           Plaintiff's Attorney: JAMES C BUSH

03/14/2006 Party(s):  COAST TO COAST ENGINEERING SERVICES INC
           MOTION - MOTION PRELIMINARY INJUNCTION FILED ON 03/13/2006
           OF PLAINTIFF'S; AFFIDAVIT OF PETER HOLLANDER; REQUEST FOR HEARING; PROPOSED ORDER. AD

04/25/2006 Party(s):  COAST TO COAST ENGINEERING SERVICES INC
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 04/25/2006

04/25/2006 Party(s):  COAST TO COAST ENGINEERING SERVICES INC
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 04/03/2006
           UPON DEFENDANT JOHN EVANS AS REGISTERED AGENT FOR EVANS ENGINEERS, LLC.  (DY)

04/28/2006 Party(s):  EVANS ENGINEERS LLC
           MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 04/28/2006
           OF DEFENDANTS' IN WHICH TO RESPOND TO PLAINTIFF'S COMPLAINT AND MOTION (GM)

04/28/2006 Party(s):  EVANS ENGINEERS LLC
           ATTORNEY - RETAINED ENTERED ON 04/27/2006
           Defendant's Attorney: CHRISTOPHER B BRANSON

           Party(s):  JOHN M EVANS
           ATTORNEY - RETAINED ENTERED ON 04/27/2006
           Defendant's Attorney: CHRISTOPHER B BRANSON

04/28/2006 Party(s):  EVANS ENGINEERS LLC
           ATTORNEY - RETAINED ENTERED ON 04/27/2006
           Defendant's Attorney: KELLY MCDONALD

           Party(s):  JOHN M EVANS
           ATTORNEY - RETAINED ENTERED ON 04/27/2006
           Defendant's Attorney: KELLY MCDONALD

05/04/2006 Party(s):  COAST TO COAST ENGINEERING SERVICES INC
           MOTION - AFFID & REQUEST DEFAULT/JUDG FILED ON 05/03/2006
           AGAINST DEFENDANTS, EVANS ENGINEERS, LLC AND JOHN M. EVANS (GM)          NOT ENTERED AS
           DEFENDANTS GIVEN LEAVE TO ANSWER BY 6-26-06 (GM)

05/04/2006 Party(s):  EVANS ENGINEERS LLC
           MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/04/2006
           ROLAND A COLE , JUSTICE
           MOTION TO ENLARGE TO 5-26-06 IS GRANTED.   5-4-06 COPY MAILED TO TIMOTHY BRYANT AND
           CHRISTOPHER BRANSON ESQS

05/30/2006 Party(s): EVANS ENGINEERS LLC,JOHN M EVANS
MOTION - MOTION TO DISMISS FILED WITH AFFIDAVIT ON 05/26/2006
OF DEFENDANTS TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(B)(2) WITH
INCORPORATED MEMORANDUM OF LAW, FAXED AFFIDAVIT OF JOHN EVANS, PROPOSED ORDER AND REQUEST
FOR HEARING (DC)

05/30/2006 Party(s): EVANS ENGINEERS LLC,JOHN M EVANS
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 05/26/2006
OF DEFENDANTS (AGREED-TO) WITH PROPOSED ORDER (DC)

05/31/2006 Party(s): EVANS ENGINEERS LLC,JOHN M EVANS
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/31/2006
ROLAND A COLE , JUSTICE
IT IS HEREBY ORDERED THAT DEFS JOHN M EVANS AND EVANS ENGINEERING LLC SHALL HAVE 21 DAYS
AFTER THE ENTRY OF A RULING BY THIS ORDER ON THEIR MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION TO FILE ANY OPPOSING TO PLAINT IFF'S MOTION FOR PRELIMINARY INJUNCTION.
COPIES MAILED TIMOTHY BRYANT, ESQ, JAMES BUSH, ESQ, KELLY MCDONALD ESQ AND CHRISTOPHER
BRANSON ESQ ON 5-31-06 (DC)

06/01/2006 Party(s): JOHN M EVANS
OTHER FILING - AFFIDAVIT FILED ON 06/01/2006
OF JOHN M. EVANS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (GM)

06/16/2006 Party(s): COAST TO COAST ENGINEERING SERVICES INC
OTHER FILING - OPPOSING MEMORANDUM FILED ON 06/15/2006
OF PLAINTIFF TO DEFENDANTS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH
EXHIBITS A & B (GM)

06/20/2006 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 06/20/2006
THOMAS E DELAHANTY II, JUSTICE

06/26/2006 Party(s): EVANS ENGINEERS LLC,JOHN M EVANS
OTHER FILING - REPLY MEMORANDUM FILED ON 06/23/2006
OF DEFENDANTS JOHN EVANS AND EVANS ENGINEERS, LLC IN SUPPORT OF THEIR MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION. (DY)

08/29/2006 Party(s): EVANS ENGINEERS LLC,JOHN M EVANS
MOTION - MOTION TO CONTINUE FILED ON 08/29/2006
OF DEFENDANTS' CONSENTED TO MOTION FOR CONTINUANCE OF HEARING. AD

08/30/2006 Party(s): EVANS ENGINEERS LLC,JOHN M EVANS
MOTION - MOTION TO CONTINUE GRANTED ON 08/30/2006
THOMAS E DELAHANTY II, JUSTICE
IT IS HEREBY ORDERED THAT THE HEARING ON THE PENDING MOTION TO DISMISS IN THIS CASE BE
CONTINUED UNTIL THE NEXT AVAILABLE HEARING DATE--OCTOBER 12, 2006. AT THE DIRECTION OF THE
COURT, THIS ORDER SHALL BE INCORPORATED INTO THE DOCKET BY REFERENCE. RULE 79(A). ON 08-
30-06 COPIES MAILED TO TIMOTHY BRYANT, CHRISTOPHER BRANSON AND JAMES BUSH, ESQS. AD

09/01/2006 Party(s): COAST TO COAST ENGINEERING SERVICES INC
LETTER - FROM PARTY FILED ON 08/30/2006
FROM TIMOTHY BRYANT, ESQ. ENCLOSING A CERTIFIED COPY OF A RECENT DECISION FROM HONORABLE
ROLAND COLE. AD

09/18/2006 Party(s):  COAST TO COAST ENGINEERING SERVICES INC
MOTION - MOTION TO CONTINUE FILED ON 09/14/2006
OF PLAINTIFF, COAST TO COAST ENGINEERING SERVICES, INC. D/B/A CRITERIUM ENGINEERS. AD

09/19/2006 Party(s):  COAST TO COAST ENGINEERING SERVICES INC
MOTION - MOTION TO CONTINUE GRANTED ON 09/14/2005
THOMAS E DELAHANTY II, JUSTICE
HEARING ON MOTION TO DISMIS IS RESCHEDULED TO OCTOBER 10, 2006 AT 10:45 A.M. ON 09-14-06
COPIES MAILED TO JAMES BUSH, TIMOTHY BRYANT, KELLY MCDONALD AND CHRISTOPHER BRANSON, ESQS.
AD

10/12/2006 HEARING - MOTION TO DISMISS HELD ON 10/10/2006
THOMAS E DELAHANTY II, JUSTICE
Defendant's Attorney: CHRISTOPHER B BRANSON
Plaintiff's Attorney:  TIMOTHY BRYANT
HEARING HELD ON DEFENDANTS, EVANS ENGINEERING, LLC AND JOHN M. EVANS MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION.

10/12/2006 Party(s):  EVANS ENGINEERS LLC,JOHN M EVANS
MOTION - MOTION TO DISMISS UNDER ADVISEMENT ON 10/10/2006
THOMAS E DELAHANTY II, JUSTICE
Defendant's Attorney: LOUIS BUTTERFIELD
Plaintiff's Attorney:  BRENDAN RIELLY
COURT TAKES MATTER UNDER ADVISEMENT. NO RECORD MADE.

10/16/2006 Party(s):  EVANS ENGINEERS LLC,JOHN M EVANS
MOTION - MOTION TO DISMISS DENIED ON 10/13/2006
THOMAS E DELAHANTY II, JUSTICE
THE CLERK WILL MAKE THE FOLLOWING ENTRIES AS THE DECISION AND ORDER OF THE COURT:
DEFENDANTS' MOTION TO DISMISS ON GROUNDS OF LACK OF PERSONAL JURISDICITON IS DENIED. SO
ORDERED. ON 10-16-06 COPIES MAILED TO JAMES BUSH, TIMOTHY BRYANT, CHRISTOPHER BRANSON AND
KELLY MCDONALD, ESQS., MS DEBORAH FIRESTONE, GOSS MIMEOGRAPH, THE DONALD GARBRECHT LAW
LIBRARY AND LOISLAW. COM INC. AD

A TRUE COPY
ATTEST: _____
                        Clerk